IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH FREEMAN,

          Plaintiff,                   No. CIV S-06-1221 MCE PAN P

    vs.

JEANNE WOODFORD, et al.,

          Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was removed from state court by defendants and referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
5  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

6        A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>
9  <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>
10 <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

15       The basis of plaintiff's complaint is that the proposed conversion of Mule Creek
16 State Prison (MCSP) Facility-C from a Sensitive Needs Yard to general population poses an
17 unreasonable risk to his safety in violation of the Eighth Amendment to the United States
18 Constitution. Inmates do not have a constitutional right, however, to be housed at a particular
19 facility or institution or to be transferred, or not transferred, from one facility or institution to
20 another.  <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-48 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215,
21 224-25 (1976); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Nor does an
22 inmate have a constitutional right to any particular classification.  <u>Moody v. Daggett</u>, 429 U.S.
23 78, 88 n.9 (1976); <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987).  Inmates have no
24 federal constitutional right to particular procedures established by state law.  <u>Toussaint v.</u>
25 <u>McCarthy</u>, 801 F.2d 1080, 1096-97 (9th Cir. 1986).
26 /////

Plaintiff alleges that "some inmates at MCSP are 'making lists' of suspected pedophiles and other individuals," and are "planning assaults against these individuals upon transfer to [Folsom State Prison]." Plaintiff fails to allege, however, any particular set of facts relating specifically to him and his Eighth Amendment claim that his personal safety is at risk. Plaintiff includes excessive amounts of extraneous information in his complaint, none of which precisely outlines or directly supports the substance of his suit. Plaintiff's complaint is 32 pages in length and includes background information on the California Department of Corrections and Rehabilitation (CDCR), inmate classification, safety and institution security, CDCR's reorganization plan, the Prison Industry Authority, and the history of CDCR policy. Some or all of that information may become relevant at a later stage of these proceedings; but as it is, it only clouds the issues and obscures the heart of plaintiff's claim.

In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

Plaintiff will be given an opportunity to file an amended complaint, **limited to fifteen pages**. Plaintiff may use the court's form for filing a civil rights action, which will be provided again. Plaintiff should refer to this order and the Federal Rules of Civil Procedure for guidance in drafting an amended document or completing the court's form complaint.

/////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, and the Clerk of the Court is directed to send plaintiff another copy of the court's form complaint for filing of civil rights actions under 42 U.S.C. § 1983.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that is limited to **fifteen** pages, that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

1    3.  Plaintiff **must** file an original and two copies of the amended complaint.
2 Failure to file an amended complaint in accordance with this order will result in a
3 recommendation that this action be dismissed.
4 DATED: June 12, 2006.
5
6 _____
   UNITED STATES MAGISTRATE JUDGE
7
8 14
  free1221.14.new
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26